**K & W ENTERPRISES, INC., K & W Enterprises 90–II, L.P., Marshall L. Worsham, and Glen Kennedy, Plaintiffs,**

v.

**Joe APPOLITO, Ella Appolito, James P. Hanson, Alton R. McKim, and Jo Ana Ivan, Defendants.**

**Civ. A. No. H–92–1585.**

United States District Court, S.D. Texas, Houston Division.

Nov. 6, 1992.

---

4. 699 F.2d 347 (7th Cir.1983).

5. *See supra* note 2.

David L. Thornton, W.H. Jordan, Jr., W.H. Jordan, Jr., P.C., Houston, Tex., for plaintiffs.

Howard R. King, Mark Courtois, Funderburk & Funderburk, L.L.P., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is the Motion for Partial Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants, Joe Appolito, Ella Appolito, James P. Hanson, Alton R. McKim, and Jo Anna Ivan (Docket Entry # 10). Plaintiffs, K & W Enterprises, Inc., K & W Enterprises 90–II, L.P., Marshall L. Worsham and D. Glen Kennedy did not respond to this motion.

Defendants seek summary judgment on the grounds that Plaintiffs' securities fraud claim does not meet the requirements of § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5. Specifically, Defendants assert that the forfeiture of a managing general partnership interest in a limited partnership does not entail the sale or purchase of a "security", which is a prerequisite for the application of federal securities laws. Defendants seek dismissal of Plaintiffs' common law causes of actions for lack of subject matter jurisdiction because there is no underlying federal claim upon which this court's supplemental jurisdiction may be based.

Jurisdiction of this matter is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. The parties consented to have a United States magistrate judge conduct all further proceedings in this case, including the trial and entry of judgment pursuant to 28 U.S.C. § 636(c). (Docket Entry # 18). This case was referred to the undersigned magistrate judge.

After a review of the pending motion, the submissions, the pleadings, and applicable law, this court finds that Defendants' motion for partial summary judgment and to dismiss should be GRANTED.

### 1. *Background.*

This case arises out of the management of an oil and gas limited partnership known as K & W Enterprises 90–II, L.P. ("L.P. 90–II"). L.P. 90–II was formed as a Texas limited partnership through an agreement

**908**

with K & W Enterprises, Inc. ("K & W Inc."), a Texas corporation. K & W Inc. acted as managing general partner of L.P. 90–II, and other parties were designated as interest holders.

Under the limited partnership agreement, K & W Inc., as managing general partner, had sole management and business control of the limited partnership's business and overall management responsibility for the affairs of the limited partnership.[1] In addition, the managing general partner was given the authority to determine the name of the limited partnership, to admit interest holders in the limited partnership, to make temporary loans to the partnership, and to control the distribution of net cash flow.[2] Affidavits submitted by defendants Joe Appolito, Alton McKim and James Hanson confirm that the business and all affairs of L.P. 90–II were controlled by K & W Inc. pursuant to the limited partnership agreement.

Plaintiffs initiated this suit because the interest holders sought to remove K & W Inc. as managing general partner. The interest holders claimed that K & W Inc. had engaged in improper management practices and was unable to adequately account for all partnership expenditures. As a result, the interest holders voted to remove K & W Inc. as the managing general partner and replace it with Advisors Aliance, Inc.[3] Plaintiffs contend that their actions were proper and argue that defendants' actions in removing K & W Inc. as managing general partner were fraudulent and deceptive.

Plaintiffs instituted this action alleging, among other things, securities fraud under § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5. Specifically, Plaintiffs assert that Defendants fraudulently solicited the proxies of other limited partners in order to effect the removal of K & W Inc. as managing general partner of L.P. 90–II. Plaintiffs also allege several common law claims, *i.e.*, tortious interference with contract and business relationship, defamation, conspiracy, and breach of fiduciary duty.

2. *Analysis.*

    a. Defendant's Motion for Partial Summary Judgment.

A summary judgment may be granted if the moving party establishes that there is "no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 376 (5th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513–14. To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case. Unsubstantiated assertions of an actual dispute

---

1. *See* Agreement of Limited Partnership of K & W Enterprises 90–II, L.P., which provides, in part:
    § 5.1 *Participation in Management.* The interest holders shall not participate in the management or control of the partnership's business nor shall they transact any business for the partnership, nor shall they have power to act for or by the partnership, said powers being vested exclusively in the managing general partner.

2. § 5.2 *General Authority of Managing General Partner.* [T]he managing general partner shall have the overall responsibility for the affairs of the partnership and for its management and control and the managing general partner shall have full power and authority to

do all things deemed necessary or desirable to conduct the business of the partnership, including, but not limited to, the following: (a) purchase insurance ..., (b) enter into joint exploration agreements ..., (c) borrow money ..., (d) refinance any indebtedness ..., (e) pay any and all fees and expenses incurred in the organization of the partnership....
This list is not exclusive.

3. Advisors Aliance, Inc. is a corporation formed by several interest holders of the limited partnership, including defendants Ella and Joe Appolito, James Hanson and Alton McKim, to replace K & W Enterprises, Inc. as managing general partner.

will not suffice. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Section 10(b) and Rule 10b–5 prohibit the use of manipulative or deceptive practices in connection with the purchase or sale of any security. 15 U.S.C. § 78j (West Supp. 1992); 17 C.F.R. § 240.10b–5 (1992). Plaintiffs contend that Defendants' letters, circulated to solicit proxies, contained false and misleading statements, and as such, constitute a "device, scheme, or artifice to defraud" under Rule 10b–5. (Complaint ¶ 9). Plaintiffs further assert that the forfeiture of K & W Inc.'s general partnership interest, a consequence of its removal by over 60% of the partners, amounts to the "sale" of a "security." (Complaint ¶ 15).

For Plaintiffs to succeed on their § 10(b) claim, they must demonstrate, as a threshold matter, that the allegedly deceptive statements contained in the letters circulated to solicit proxies were made in connection with the purchase or sale of a "security." 15 U.S.C. § 78j (1934). "To maintain an action for a violation of Rule 10b–5, ..., plaintiff[s] must allege, *inter alia,* that the defendants' fraudulent conduct occurred 'in connection with the purchase or sale' of a security." *Murphey v. Hillwood Villa Associates,* 411 F.Supp. 287, 290 (S.D.N.Y.1976) (citing *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)). Both the Securities and Exchange Act of 1934 and the Securities Act of 1933 define the term "security" to include, among other things, an "investment contract." An investment contract is an agreement in which "a person invests his money in a common enterprise and is led to expect profits solely from the efforts of a promoter or a third party." *Williamson v. Tucker,* 645 F.2d 404, 417 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (citing *SEC v. W.J. Howey Co.,* 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244 (1946)).

█ A general partnership interest is not usually considered a "security" because it does not meet the requirements of an investment contract or any other definition of a "security" under the Acts. *Odom v.*

*Slavik,* 703 F.2d 212, 215 (6th Cir.1983); *Varnberg v. Minnick,* 760 F.Supp. 315, 326 n. 31 (S.D.N.Y.1991). *See also Williamson,* 645 F.2d at 421. Generally, a general partner is not solely dependent on the efforts of others for profits and has control over the significant decisions of the enterprise, thereby having sufficient power to protect his interest without the need of federal securities laws. *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 240 (4th Cir.1988); *SEC v. Professional Assocs.,* 731 F.2d 349, 356 (6th Cir.1984); *Williamson,* 645 F.2d at 422. However, the Fifth Circuit has recognized that, under some circumstances, a general partnership interest can be a "security" if the investor establishes that:

> (1) the agreement among the parties leaves so little power in the hands of the partner or venturer that the arrangement in fact distributes power as would a limited partnership; or (2) the partner or venturer is so inexperienced and unknowledgeable in business affairs that he is incapable of intelligently exercising his partnership or venture powers; or (3) the partner or venturer is so dependent on some unique entrepreneurial or managerial ability of the promoter or manager that he cannot replace the manager of the enterprise or otherwise exercise meaningful partnership or venture powers.

*Williamson,* 645 F.2d at 424.

█ None of these factors appears to be present in the instant case. There is no indication in the record that the partnership agreement deprives K & W Inc. of any significant management powers. To the contrary, K & W Inc., as managing partner, is vested with the exclusive power to manage and control the limited partnership. The limited partnership agreement gives K & W Inc. full power and authority to do all things deemed necessary or desirable to conduct the business of the partnership. The affidavits of interest holders Joe Appolito, Alton McKim, and James Hanson further confirm that exclusive control and managerial authority over L.P. 90–II rested solely in the hands of its managing general

partner, K & W Inc. Plaintiffs do not deny that K & W Inc. enjoyed this measure of control. Thus, because the partnership agreement gives exclusive management authority over the affairs of the limited partnership to the general partner, it is not an "investment contract as to K & W Inc." Therefore, K & W Inc.'s general partnership interest cannot be deemed a "security."

Defendants have met their summary judgment burden by establishing that Plaintiffs' general partnership interest does not qualify as a security under § 10(b) and Rule 10b–5. Plaintiff has offered nothing to rebut this showing. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' federal securities law claim.

b. Defendants' Motion to Dismiss.

■ Because Plaintiffs' securities fraud claim is not viable, there is no basis upon which federal question jurisdiction may be maintained. Diversity jurisdiction does not exist with respect to the parties in this case, as Plaintiff K & W Inc. is a Texas corporation and Defendant Jo Anna Ivan is a Texas resident.

While this court has discretion to exercise pendent jurisdiction over Plaintiffs' state law claims, this court is of the opinion that dismissal of these claims is proper pursuant to *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). As stated in *Gibbs*, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *see also Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295 (5th Cir. 1983). Accordingly, since summary judgment has been rendered against Plaintiffs on their federal securities fraud claim, this court dismisses the Plaintiffs' state law claims without prejudice.

3. *Conclusion.*

Defendants have met their burden of coming forward with evidence which supports summary judgment, as the evidence resolves the matter and leaves no genuine issue of material fact upon which to proceed. Plaintiffs have failed to rebut the evidence, and Defendants are therefore entitled to judgment as a matter of law. Plaintiffs' pendent state claims are dismissed pursuant to the principles set forth in *Gibbs*. Based on the foregoing, it is ORDERED that Defendants' Motion for Partial Summary Judgment and to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.